UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARRIE C. MURPHY**, <br>     Plaintiff, <br><br> v. <br><br> **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY**, <br>     Defendant. | Case No. 4:14-cv-03784-YGR <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES** <br><br> Re: Dkt. No. 38 |

On January 31, 2016, Plaintiff Carrie Murphy filed a motion for award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A) ("EAJA"). (Dkt. No. 38.) Plaintiff requests the Court award her reasonable attorney's fees in the amount of $6,487.99. The Commissioner opposes. Having carefully considered the papers submitted and the record in this case, the Court **GRANTS** Plaintiff's motion.

## I. BACKGROUND

On November 2, 2015, this Court issued an order granting in part Plaintiff's motion for summary judgment and remanding the case to the administrative law judge ("ALJ") to address properly the decision to discount opinions of certain medical sources. (Dkt. No. 35.) Specifically, the Court found the ALJ discounted uncontroverted opinions of five treating medical providers without providing the requisite clear and convincing reasons. (*Id.* at 20.)

With respect to Dr. Levy, the Court found the reasons the ALJ provided for discounting Dr. Levy's opinions were "conclusory rather than clear and convincing." (*Id.* at 17:1-2.) The ALJ "simply failed to explain in sufficient detail the specific conflicts he saw in the record and how those conflicts led him to his ultimate decision on the amount of weight to give to Dr. Levy's opinion." (*Id.* at 18:14-16.) With respect to the three other treating physicians[1] and one nurse

---

[1] Drs. Chan, Chan, and Ashling.

1   practitioner,[2] the Court found the ALJ discounted their opinions without stating specific findings
2   or providing reasons to support his determination. (*Id*. at 20.) Based thereon, the Court granted in
3   part Plaintiff's motion for summary judgment and remanded to the ALJ for further proceedings.

**II.   DISCUSSION**

In any action brought by or against the United States, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The parties do not dispute that Plaintiff was the prevailing party by virtue of the Court's reversal and remand to the ALJ. Rather, the Commissioner opposes the instant motion on grounds that the government's position was substantially justified.[3] Should the Court award fees, the Commissioner challenges the reasonableness of the amount of Plaintiff's request and argues the fees should be paid directly to Plaintiff and not to her counsel. The Court addresses each of the Commissioner's arguments in turn.

**A.   Substantial Justification**

The term "substantially justified" does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). A substantially justified position must have a "reasonable basis both in law and fact." *Id.* The

---

[2] Nurse Practitioner Visci.

[3] The Commissioner also argues that Plaintiff's motion may be untimely under Local Rule 54-5(a), which requires that "motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court." Civ.L.R. 54-5(a). The Commissioner's argument is specious at best. This District's Local Rules explicitly recognize that the EAJA dictates its own timeliness rules for motions for attorney's fees. *See* Civ.L.R. 54-1 (with commentary, stating "[t]he 14-day time period set by this rule is inapplicable where the statute authorizing costs establishes a different time deadline, (e.g. 28 U.S.C. § 2412(d)(1)(B) setting 30 days from final judgment as time limit to file for fees under [the EAJA]")). Courts in this District similarly recognize that, regardless of the 14-day time set by the Local Rule, a motion for attorney's fees under the EAJA must be brought within 30 days of when the Court's order granting summary judgment became final. *See, e.g., Reynolds v. Colvin*, 2016 WL 269863, at *2 (N.D.Cal. Jan. 21, 2016). Plaintiff's motion is timely.

1    standard can be satisfied if there is "a genuine dispute" or if "reasonable people could differ as to

2    the appropriateness of the contested action." *Id.* (internal quotations and alterations omitted). The

3    fact that one court disagreed with the government "does not establish whether its position was

4    substantially justified." *Id.* at 569. "The language of the EAJA creates a presumption in favor of

5    awarding attorneys' fees, and therefore the burden of establishing substantial justification is placed

6    with the government." *Campos v. Colvin*, 2015 WL 2266692 at *1 (N.D.Cal. May 14, 2015);

7    *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the government bears the burden of

8    showing that its position was substantially justified under the EAJA).

9          Here, the gravamen of the Court's order remanding was based on the ALJ's failure to

10   provide clear and convincing reasons for discounting the testimony of five treating medical

11   sources. The Ninth Circuit has long held that this type of error, where an ALJ fails to make a

12   specific finding in a disability case, is a "serious" procedural error. *Shafer v. Astrue*, 518 F.3d

13   1067, 1071-72 (9th Cir. 2008) (errors such as failing to provide clear and convincing reasons for

14   rejecting a treating physician's opinion are "fundamental procedural errors"); *Corbin v. Apfel*, 149

15   F.3d 1051, 1053 (9th Cir. 1998) ("a failure to make findings and weigh evidence" is a "serious"

16   procedural error); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983) ("[t]he failure of ALJs to

17   make [specific] findings in disability cases is among the principal causes of delay and uncertainty

18   in this area of the law") (quoting *Chiappa v. Secretary of Dept. of HEW*, 497 F.Supp. 356, 358

19   (S.D.N.Y 1980)). "The defense of basic and fundamental errors such as [these are] difficult to

20   justify." *Corbin*, 149 F.3d at 1053. "[A] reviewing court should not be forced to speculate as to

21   the grounds for an adjudicator's rejection" of a claim or allegation. *Id.* As in *Corbin* and *Shafer*,

22   here the ALJ only made conclusory statements and failed to state his specific findings. The ALJ

23   disposed of five uncontroverted opinions from treating medical professionals in a few conclusory

24   sentences and failed to explicitly state his findings. The Commissioner was not substantially

25   justified in defending the ALJ's unsubstantiated determination.

26         The cases relied on by the Commissioner in opposition do not persuade. In both *Lewis v.*

27   *Barnhart* and *Le v. Astrue*, the ALJs' decisions were founded on fact-intensive inquiries. *Le v.*

28   *Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (Commissioner was substantially justified in light of a

1    genuine dispute regarding whether a physician who examined a patient five times was a treating
2    physician); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (Commissioner was
3    substantially justified because the ALJ mischaracterized the claimant's work history when
4    evaluating whether the claimant was able to perform her past relevant work).  The question in
5    those cases was not whether the ALJ failed to explain his reasoning adequately or provide clear
6    and convincing reasons for discounting the opinions of treating physicians; the question was
7    whether the ALJ made incorrect factual findings.  *Le*, 529 F.3d at 1201; *Lewis*, 281 F.3d at 1083.
8    By contrast, here, the Commissioner failed to present any argument that a reasonable person could
9    conclude the ALJ adequately explained his reasoning and provided clear and convincing reasons
10   for discounting the opinions of five treating sources.  *Le* and *Lewis* are inapposite.

11        The Commissioner uses her opposition brief to rehash her successful summary judgment
12   arguments instead of explaining how she was substantially justified in opposing Plaintiff's
13   prevailing arguments.  The Commissioner essentially argues she was substantially justified in her
14   position by virtue of her partial victory.  However, the Commissioner fails to cite any authority for
15   the proposition that prevailing on two issues, especially when losing on five others, constitutes
16   substantial justification.  Indeed, courts in this District regularly find the government was not
17   substantially justified in its position where the plaintiff challenging a denial of benefits only
18   prevailed in part at the district court.  *See, e.g., Huss v. Colvin,* 2015 WL 6123068, at *1 (N.D.Cal.
19   Oct. 19, 2015) (awarding attorney's fees pursuant to the EAJA where court only granted in part
20   plaintiff's motion for summary judgment and remanded to ALJ for further proceedings);
21   *Yesipovich v. Colvin*, 2015 WL 5675869, at *8 (N.D.Cal. Sept. 28, 2015) (same).

22        Accordingly, the Court finds the Commissioner has failed to meet her burden to show that
23   the government was substantially justified in defending the ALJ's determination.

24        **B.     Reasonableness of Requested Fees**

25        District courts exercise considerable discretion when determining whether requests for
26   attorney's fees under the EAJA are reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 436-37
27   (1983).  "There is no precise rule or formula for making these determinations.  The district court
28   may attempt to identify specific hours that should be eliminated, or it may simply reduce the

4

award to account for the limited success." *Id*. at 436-37. In considering motions brought under the EAJA, "courts should generally defer to the, 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

The Commissioner argues that Plaintiff's request for $6,487.99 in fees representing 34.1 hours is excessive under the circumstances of this case. The Commissioner does not dispute the reasonableness of counsel's hourly rate, instead taking issue with the 25.25 hours counsel billed to review the administrative record and prepare Plaintiff's motion for summary judgment. In particular, Plaintiff's counsel reviewed the administrative record and drafted, edited, and filed a 25-page motion for summary judgment in 25.5 hours. The Court finds this to be neither excessive nor unreasonable. This case was highly fact intensive and contained over 700 pages in the administrative record. It is not unreasonable for Plaintiff's counsel to have spent 4.0 hours reviewing the 700-page administrative record and an additional 21.25 hours drafting and editing a 25-page motion. *See Palomares v. Astrue*, 2012 WL 6599552, at *9 (N.D.Cal. Dec. 18, 2012) (concluding that "[d]evoting one hour per page of work spent on the EAJA motion and the Reply is not excessive").

Moreover, the total 34.1 hours for which Plaintiff requests compensation in this case is comparable to other cases in which courts in this District have awarded fees under the EAJA in similar cases. *See, e.g.*, *White v. Colvin*, 2015 WL 7429392, at *3 (N.D.Cal. Nov. 23, 2015) (48.44 hours of attorney's fees was not excessive or unreasonable); *Palomares v. Astrue*, 2012 WL 6599552, at *8 (37.9 hours in attorney's fees was reasonable); *Afanador v. Sullivan*, 809 F.Supp. 61, 66 (N.D.Cal. 1992) (granting EAJA motion for 22.3 hours of work performed by plaintiff's attorney and 9.5 hours performed by attorney's clerk). Even where counsel spent over 100 hours preparing a 25-page opening brief in an appeal of an ALJ order denying benefits, a district court reduced fees by only 10% due to the "unusually high number of hours expended." *Lloyd v. Astrue*, 2013 WL 3756424, *11 (N.D.Cal. July 16, 2013). Accordingly, the Court finds Plaintiff's entire request to be reasonable.

### C. The Fee Award May be Payable to Counsel Directly

Plaintiff submits a signed fee assignment and requests that payment of the requested fee award be made directly to her counsel. The Commissioner opposes, arguing the payment must be made directly to Plaintiff under *Astrue v. Ratliff*, 560 U.S. 586 (2010).

In *Ratliff*, the Supreme Court held that EAJA fees are subject to offset if the prevailing party owes a government debt. *Ratcliff*, 560 U.S. at 589, 592. Therefore, "[w]hen a pre-existing government debt exists, EAJA fees are payable to plaintiff rather than plaintiff's attorney in order to satisfy the debt." *Yesipovich*, 2015 WL 5675869, at *8. By contrast, where the plaintiff does not owe a debt to the government and there has been a valid assignment of fees, courts in this District have recognized that *Ratliff* does not prevent payment of a fee award directly to an attorney. *See, e.g., Potter v. Colvin*, 2015 WL 7429376 *7 (N.D.Cal. November 23, 2015) (holding that payment of an EAJA fee award may be made directly to the attorney where there has been a valid assignment of fees and the plaintiff does not owe a debt to the government); *Yesipovich*, 2015 WL 5675869, at *8 (same); *Hampton v. Colvin*, 2015 WL 1884313, at *7 (N.D.Cal. Apr. 23, 2015) (same).

Here, the Commissioner does not claim that Plaintiff owes any debt to the federal government and it is undisputed that Plaintiff executed a valid fee assignment. Therefore, the EAJA fee shall be paid directly to Plaintiff's counsel, subject to any administrative offset due to outstanding federal debt.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for award of attorney's fees is **GRANTED**. Plaintiff is entitled to an award of attorney's fees under the EAJA in the amount of $6,487.99. The government shall pay the fee directly to Plaintiff's counsel, Ms. Roussos.

This Order terminates Docket Number 38.

**IT IS SO ORDERED.**

Dated: April 11, 2016

_____
**YVONNE GONZÁLEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

6